UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDRE SIMMS, ) | |
| ) | |
| Petitioner, ) | Case No. 14-cv-4141 |
| v. ) | |
| ) | Judge John W. Darrah |
| JULIUS C. FLAGG and S.A. GODINEZ, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Andre Simms is currently serving fifteen years and one month in Illinois prison after pleading guilty to attempted first-degree murder. Simms has moved, pursuant to 28 U.S.C. § 2254, for a writ of *habeas corpus*. For the reasons stated below, Simms' § 2254 petition [1] is denied.

## BACKGROUND

On March 8, 2005, Petitioner pled guilty to attempted first degree murder and was sentenced to 15 years and 1 month's imprisonment. (State Ct. Rec. Exh. A at pp. 1, 2.) During the guilty plea hearing, the trial court admonished Petitioner:

> "The Court: All right. [Defendant], it's my understanding now you want to accept their offer which will be 15 years and 1 month?
> The Defendant: Yes, sir.
> The Court: Okay. [Defendant], this is a negotiated guilty plea pursuant to a 402 conference. [Defendant] -- in exchange you are going to be pleading guilty to count 1, which is attempt first degree murder; is that your understanding?
> The Defendant: Yes.
> * * *
> The Court: All right. You are pleading guilty to attempt first degree murder. That is a class X felony. On a class X felony you can be sent to the penitentiary for a term of 6 to 30 years with 3 years mandatory supervisory [*sic*] release. On a class X felony there is no probation, no conditional discharge, and there is no periodic imprisonment. And you can be fined up to $25,000. Do you understand that, sir?
> The Defendant: Yes, sir.

1

> \* \* \*
> The Court: *** Sentence you to 15 years, one month."

(*Id.* at pp. 4-5.) Petitioner filed a direct appeal, arguing, in pertinent part, that his sentence should be reduced by three years because he did not receive the benefit of the bargain. (State Ct. Rec. Exh. E at p. 1.) Simms' appeal was denied because the appellate court held the trial court had admonished him that he was pleading guilty to a class X felony that included 3 years' mandatory supervised release ("MSR"). (*Id.* at p. 8.) Simms then filed a Petition for Leave to Appeal ("PLA") to the Illinois Supreme Court. (State Ct. Rec. Exh. F.) In the PLA, Simms argued that he was not unambiguously admonished that a three-year term of MSR would follow the completion of his imprisonment. (*Id.*) The appellate court withdrew its original opinion to reconsider the matter in light of a then-recent Illinois Supreme Court case, *People v. Morris*, 925 N.E.2d 1069 (Ill. 2010). However, upon reconsideration, the appellate court again denied Simms' appeal because the trial court had sufficiently admonished him that he was pleading guilty to a class X felony that included 3 years' mandatory supervised release ("MSR"). (*Id.* at p. 8.)

Petitioner filed a *pro se* post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILL. COMP. STAT. 5/122-1, *et seq.*, on April 19, 2012. (State Ct. Rec. Exh. I.) In his post-conviction petition, Simms argued that his constitutional rights were violated due to: (1) ineffective assistance of counsel for failure to challenge good conduct credits under the truth-in-sentencing guidelines, (2) I Department of Corrections suspending the truth-in-sentencing provision for good conduct credit, (3) an unconstitutional application of the MSR statute and truth-in-sentencing, (4) the insufficient application of the statutorily required MSR term, (5) an unfair disparity due to a split in Illinois appellate authority, (6) unilateral modification of a determinate sentence by the addition of an MSR term, (7) a second ineffective assistance of

counsel claim regarding failure to challenge the transferred intent doctrine and failure to raise a reckless conduct claim, and (8) the attempted murder statute violating equal protection and fundamental fairness. (State Ct. Rec. Exh. I at p. 3.) The Circuit Court of Cook County dismissed the post-conviction petition because those claims that had been raised on direct appeal were barred by *res judicata*, and those that had not been raised on direct appeal, but could have been, were waived. (State Ct. Rec. Exh. J.)

Simms then filed the present petition for *habeas corpus* relief.

## LEGAL STANDARD

If a claim was adjudicated on the merits in state court proceedings, an application for a writ of *habeas corpus* shall not be granted unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Further, "[a]n application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process." 28 U.S.C. § 2254(b)(1).

## ANALYSIS

*Unconstitutional Application of MSR Term*

Petitioner claims that his due process rights were violated when he pled guilty in exchange for a specific sentence and the circuit court failed to advise him, prior to accepting his plea, that an MSR term will be added to the sentence. This argument is without merit as "[t]here is no Supreme Court precedent for the proposition that a defendant must be advised of a term of

3

MSR at the time he attempts to enter a plea of guilty." *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006). Further, the appellate court concluded Petitioner was advised that the possible sentence for attempted first-degree murder included a three-year term of MSR. (State Ct. Rec. Exh. A at pp. 4-5.) To the extent that the claim challenges the factual finding of the appellate court's conclusion, that finding is owed deference on *habeas* review. *See* 28 U.S.C. § 2254(d)(2). Petitioner must rebut the presumption that a factual finding is correct by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The reversal of a fact-based decision is improper, "unless the reason given is completely outlandish or there is other evidence which demonstrates its falsity." *Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) (quoting *Tinner v. United Ins. Co. of Am.*, 308 F.3d 697, 703 (7th Cir. 2002).

Petitioner also makes the argument that the IDOC cannot impose an MSR term required by state law but not imposed by the sentencing judge. However, the term of MSR is imposed by operation of statute, 730 ILL. COMP. STAT. 5/5-8-1(d)(1), not by the Department of Corrections.

*Contract Right to Enforce Plea*

Petitioner's next claim is that he has a contract right to enforce the terms of the plea agreement and that the "unilateral modification" of adding a term of MSR amounted to a breach of the plea agreement. While Petitioner does not refer to the case specifically, he is essentially claiming that the state deprived him of the benefit of his plea bargain in violation of *Santobello v. New York*, 404 U.S. 257 (1971). However, this claim fails because "[Petitioner offers] nothing suggesting the state promised that the MSR term would not attach to the end of [his] sentence by operation of statute." *Villanueva v. Anglin*, 719 F.3d 769, 777-78 (7th Cir. 2013). Petitioner was "confronted with a range of sentences for [his crime]: a minimum and maximum number of years as well as the mandatory term of supervised release." *Villanueva*, 719 F.3d at 778.

4

Petitioner does not argue that he was promised that the MSR term would not attach to his sentence.

*Unconstitutional Application of Truth-in-Sentencing Guidelines*

For his final claim, Petitioner argues that the imposition of MSR attached to the end of a judicially imposed sentence effectively increased his sentence beyond what was prescribed by the state court. Under § 2254, a *habeas* petitioner must present his claims through the Illinois courts, up to and including the Illinois Supreme Court, to avoid procedural default. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing 28 U.S.C. § 2254(b)(1)). "In the state courts, the petitioner must present both the operative facts and legal principles that control each of his claims." *Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005). There are exceptions to procedural default, as "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Petitioner did not raise this issue until filing his Illinois post-conviction petition. Petitioner claims that the issue was not raised on direct appeal because he "was unaware of Section 5-8-1(d) and the granted authority it gives IDOC to violate defendant's MSR or revoke it." (Pet. at 6.) However, this argument fails because Petitioner appealed his sentence on the basis that he was not informed of MSR under Section 5-8-1(d) before pleading guilty. Petitioner must have been aware of the statute in order to appeal its imposition on his sentence. Moreover, Petitioner has not shown prejudice from a violation of federal law.

*Certificate of Appealability*

A certificate of appealability ("COA") may issue from "the final order in a *habeas corpus* proceeding in which the detention complained of arises out of process issued by a State court . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rules of Appellate Procedure 22. Seventh Circuit Rule 22(b) states: "In a *habeas corpus* proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district court judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."

To obtain a certificate of appealability under § 2253, a petitioner must demonstrate the denial of a constitutional right. "Where a district court has rejected the constitutional claims on the merits . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a *habeas* petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Petitioner has not made a substantial showing of the denial of a constitutional right. Petitioner has also not shown that reasonable jurists would find his procedural default or his claim of the denial of a constitutional right debatable. Therefore, a COA shall not issue.

## **CONCLUSION**

For all the reasons discussed above, Simms' 28 U.S.C. § 2254 petition for a writ of *habeas corpus* is denied and a COA shall not issue.

Date: _____May 20, 2015_____  _____
JOHN W. DARRAH
United States District Court Judge